**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| vs. | ) | **CIV 11-303-JHP** |
| | ) | |
| 1)GLEN WAYNE SMITH, et al., | ) | |
| Defendants. | ) | |

## JOURNAL ENTRY OF JUDGMENT

This matter comes on to be heard this <u> 31st </u> day of <u> May </u>, 2012, upon the issues in plaintiff's Amended Complaint filed herein; the plaintiff, United States of America, appearing by and through Mark F. Green, United States Attorney for the Eastern District of Oklahoma and Thomas M. Wright, Assistant United States Attorney for the Eastern District of Oklahoma; and none of the other defendants appearing either in person or by counsel, but being wholly in default; the Court carefully inspects and examines the files, records, and processes herein and finds that subsequent to the filing of plaintiff's complaint in this action, finds as follows:

The defendants, Glen Wayne Smith, Vanessa Lynn Smith, HSBC Bank Nevada and ASSET Acceptance, LLC., were served with summons and complaint pursuant to Rule 4 of the Federal Rules of Civil Procedure, more than twenty (20) days prior to this date; the Court further finds that said defendants have made default and by reason thereof, plaintiff's Amended Complaint should be and is hereby taken as confessed by said defendants; the Court further finds that plaintiff has fully complied with the Soldiers and Sailors Civil Relief Act of 1940 and the amendments thereto, and that upon motion

and affidavit properly filed therefore, this Court has made and entered its Order directing that judgment by default be entered against the defendant not appearing or otherwise answering plaintiff's complaint, and such Order is filed herein.

**NOW,** the Court proceeds instanter to consider plaintiff's Amended Complaint, and carefully examines the exhibits attached thereto, including the notes, real estate mortgage, and financing statements, and upon conclusion, after being fully advised in the premises both as to the facts and the law, finds and adjudges the plaintiff has fully sustained all of the allegations of its complaint; the Court further finds that the plaintiff is entitled to and is hereby given a judgment against the defendants, Glen Wayne Smith and Vanessa Lynn Smith, as prayed for in plaintiff's Amended Complaint.

And the Court more specifically finds:

That Glen Wayne Smith and Vanessa L. Smith, as set out below, executed and delivered to plaintiff the following promissory notes as follows:

| Instrument | Date | Amount | Interest | Number of Installments |
|---|---|---|---|---|
| Note (Executed by Glen Wayne Smith only) | 02-06-06 | $50,000.00 | 4.6250% | 7 |
| Note (Executed by Glen Wayne Smith and Vanessa L. Smith) | 02-06-06 | $150,000.00 | 5% | 40 |

Further, that in order to secure the payment of said promissory notes, the makers thereof, made, executed and delivered to plaintiff, their certain real estate mortgage dated and filed as follows:

| Instrument | Filed | Book | Page |
|------------|-------|------|------|
| Mortgage | 02-07-06 | 753 | 461 |

Said mortgage conveyed and mortgaged to plaintiff the following described real property situated in McCurtain County, Oklahoma, to-wit:

All of the NE1/4 of SE1/4 of Section 31 and all that part of the NE1/4 lying abd being South of the Frisco Railroad, in Sec. 31, T6S, R22E of the IBM-containing 58.57 acres

and

The NW1/4 of the SE1/4 , Sec. 31, T6S, R22E - containing 40 acres together with all the improvements thereon and the apprutenances thereto belonging, and warrant the title to the same-commonly described as Rt #2 Box 205 of Valliant, Ok. 74764.

As collateral security for payment of the above listed promissory notes, the defendants, Glen Wayne Smith and Vanessa L. Smith, executed and delivered to plaintiff a certain security agreement thereby creating in favor of the plaintiff, a security interest in certain crops, livestock, farm equipment and motor vehicles described therein.

The security interest of plaintiff in said property was perfected by Financing Statements filed with the County Clerks of

the following counties on the dates indicated, and under the file numbers indicated.

| Type | Filed | County | File Number |
|------|-------|--------|-------------|
| EU1 Filing | 11-22-05 | Oklahoma | E2005014075529 |
| EFS-1 Financing Stmt | 11-23-05 10-20-10 | Secretary of State Oklahoma | 200506308 20101020021051790 |

Further, that the said defendants have defaulted in the payment of the installments provided in said notes, mortgage and security agreement, and have not paid the same in the amounts and at the times they agreed to pay the same, and by reason thereof, there is now due and owing as of October 6, 2010, the following:

**GLEN WAYNE SMITH**

| Unpaid Principal | Unpaid Interest | Daily Accrual |
|------------------|-----------------|---------------|
| $162,000.74 | $30,856.05 | $22.0795 |

**VANESSA LYNN SMITH**

| Unpaid Principal | Unpaid Interest | Daily Accrual |
|------------------|-----------------|---------------|
| $152,910.09 | $29,574.43 | $20.9465 |

Further, that the said mortgage expressly provided that if the borrowers shall default in the payment of the debt secured thereby, the mortgagee may foreclose said mortgage and sell the mortgaged property at foreclosure sale and apply the proceeds from such sale on said debt; and that appraisement of said premises is expressly

waived, or not waived at the option of the mortgagee and plaintiff states that it elects to have said premises sold with appraisement.

All cattle secured by the Security Agreement have been converted.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED BY THE COURT:**

1. That the plaintiff have an in rem judgment against the defendant, Glen Wayne Smith, for the sum of $162,000.74, plus interest to October 31, 2011, in the amount of $30,856.05, plus interest from that date at the daily rate of $22.0795, until date of judgment and interest from date of judgment at the legal rate until paid in full, plus all costs and expenses of this action, plus any sums which may be advanced to preserve and protect said real property prior to or during foreclosure sale thereof.

And a further in rem judgment against Glen Wayne Smith adjudging that said security agreements be foreclosed and that the same be declared a valid first lien, prior and superior upon the chattels and livestock described in the security agreements, and ordering the remaining chattels sold with or without appraisement, as plaintiff shall elect at the time judgment is rendered herein.

2. That the plaintiff have an in rem judgment against the defendant, Vanessa Lynn Smith, for the sum of $152,910.09, plus interest to October 31, 2011, in the amount of $29,574.43, plus interest from that date at the daily rate of $20.9465, until date of judgment and interest from date of judgment at the legal rate until paid in full, plus all costs and expenses of this action,

plus any sums which may be advanced to preserve and protect said real property prior to or during foreclosure sale thereof.

And a further in rem judgment against Vanessa Lynn Smith adjudging that said security agreements be foreclosed and that the same be declared a valid first lien, prior and superior upon the chattels and livestock described in the security agreements, and ordering the remaining chattels sold with or without appraisement, as plaintiff shall elect at the time judgment is rendered herein.

3. That the mortgage lien of the plaintiff, United States of America, be and the same is hereby established as a first, prior and superior lien on the real estate and premises hereinbefore described, and that such mortgage lien be and the same is hereby ordered foreclosed, and the mortgaged property is hereby ordered appraised and sold by Judicial Sale in the manner provided by said mortgage and by the provisions of Title 28 U.S.C. §2001 et seq.

4. That should a sale and confirmation occur, the defendants, Glen Wayne Smith, Vanessa Lynn Smith, HSBC Bank Nevada and ASSET Acceptance, LLC, and each of them, have no right, title, or interest in or to said mortgaged real property, or any part thereof; and that said defendant, and each of them, and all persons claiming by, through or under them, be and are hereby perpetually barred, restrained and enjoined from ever claiming or asserting any right, title or interest in or to the said mortgaged property, hereinbefore described, which is adverse or hostile to the purchaser at sale.

5. That any one in possession of subject property should relinquish possession upon the receiving of the journal entry of judgment. If such possession is not relinquished at that time, a Writ of Assistance will be issued.

6. That the proceeds from the sale of said mortgaged property be applied as follows:

FIRST:     To the payment of costs of this action, and
           the cost of foreclosure sale;

SECOND:    To the satisfaction of the judgment in favor
           of the plaintiff as follows:

**GLEN WAYNE SMITH**

| Unpaid Principal | Unpaid Interest | Daily Accrual |
|---|---|---|
| $162,000.74 | $30,856.05 | $22.0795 |

**VANESSA LYNN SMITH**

| Unpaid Principal | Unpaid Interest | Daily Accrual |
|---|---|---|
| $152,910.09 | $29,574.43 | $20.9465 |

plus interest from the date of judgment at the legal rate of  .21%  per annum computed daily and compounded annually until paid in full, plus all costs and future costs of this action; including maintenance and protection fees;

THIRD:     The residue, if any, to be paid into the
           office of the Clerk of this Court to abide the
           further Order of this Court.

James H. Payne
United States District Judge
Eastern District of Oklahoma

APPROVED AS TO FORM:
MARK F. GREEN
United States Attorney
S/THOMAS M. WRIGHT
THOMAS M. WRIGHT OBA 20378
Assistant U.S. Attorney
1200 West Okmulgee
Muskogee, Oklahoma 74401
918-684-5113
918-684-5130 - fax
tom.wright@usdoj.gov